UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DENNIS DOUGLAS BYE, | ) Case No. CV 08-02849 JSL (AN) |
| Petitioner, | ) ORDER TO SHOW CAUSE |
| v. | ) |
| JOHN MARSHAL, Warden, et al., | ) |
| Respondents. | ) |

In light of the Supreme Court's just-issued decision in *Swarthout v. Cooke*, 562 U.S. ---, --- S. Ct. ----, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam), Petitioner is ordered to show cause in writing, **on or before February 9, 2011**, why his Petition should not be dismissed with prejudice.

In *Cooke*, the Supreme Court reversed *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010), and rejected the Ninth Circuit's erroneous interpretation of clearly established law on the standard of review applicable to California parole denials. *Cooke*, 2011 WL 197627 at *2-3. Further, *Cooke* holds that, even if a California prisoner has a state-created liberty interest in parole, a prisoner challenging the denial of parole is only entitled to the minimal procedural due process protections set forth in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100 (1979), that is, an opportunity to be heard and a statement of reasons for the denial. The Supreme Court observed that where the record reflected the prisoner was allowed to speak at the hearing and contest the evidence, was afforded access to his records in

1  advance, and was notified as to the reasons why parole was denied, "[t]hat should have been
2  the beginning and the end of the federal habeas courts' inquiry." *Id.* The *Cooke* opinion
3  expressly emphasizes that "it is no federal concern whether California's 'some evidence' rule
4  of judicial review (a procedure beyond what the Constitution demands) was correctly applied."
5  *Id.* at *3.

6        Here, Petitioner's federal due process parole claims focus on the *reasons* for the Board
7  of Parole Hearing's October 30, 2006 denial of parole, the Board's "practice and pattern" of
8  denying parole, and the makeup of Petitioner's Board panel. (Pet. (dkt. 1) at 13-27[1/]; Reply
9  (dkt. 12) at 7-21.) Petitioner is not claiming he was denied the minimal procedural due process
10 protections set forth in *Greenholtz*. Moreover, the portions of the transcript of Petitioner's
11 October 30, 2006 parole consideration hearing attached to the Petition (*see* Pet. at 60-63, 74)
12 reflect that Petitioner, who was represented by counsel, was given an opportunity to speak and
13 was notified of the reasons why parole was denied, so he received the protections required by
14 *Greenholtz*. *Cooke*, 2011 WL 197627 at *2; *Greenholtz*, 442 U.S. at 16. Further, consistent
15 with *Cooke*, there is nothing to indicate Petitioner was prohibited from contesting the evidence
16 against him or was not afforded access to his records in advance. To the extent Petitioner
17 contends the California courts incorrectly applied California's "some evidence" rule, that is not
18 a federal concern under the Supreme Court's decision in *Cooke*.

19       In light of *Cooke*, it simply does not appear this court has any basis for concluding the
20 California courts' rejection of Petitioner's substantive due process parole claims was contrary
21 to, or involved an unreasonable application of, clearly established Supreme Court law, or that
22 it was based upon an unreasonable determination of the facts.
23 ///
24 ///
25 ///
26

---

27 [1/] For convenience and clarity, the court cites to the pages of the Petition by referring to the
28 pagination furnished by the court's official CM-ECF electronic document filing system.

1     Petitioner is notified that he will be deemed to have waived his opportunity to respond
2 to this order to show cause, and he will be deemed to have consented to the dismissal of his
3 Petition for the foregoing reasons, if he fails to file his written response in the required time,
4 and that no consideration will be given to any untimely response.

6 DATED: January 26, 2011

8                            _____
9                                 ARTHUR NAKAZATO
                             UNITED STATES MAGISTRATE JUDGE